IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 07-cv-01904-WDM-KMT

REYNETTE MICHELLE MORENO,

    Plaintiff,

v.

AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, a member of the American Family Insurance Group,

    Defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Miller, J.

    This matter is before me on the Motion for Summary Judgment (doc no 39) filed by Defendant American Standard Insurance Company of Wisconsin ("Insurer"). Insurer seeks dismissal of this case as a matter of law on statute of limitations grounds or, in the alternative, a declaration that Plaintiff's relief, should she prevail, would be limited. Plaintiff opposes the motion. After review of the parties' written arguments and tendered evidence, I conclude oral argument is not required. For the reasons that follow, the motion will be granted.

### Background

    This action is based on the now-repealed Colorado Auto Accident Reparations Act ("CAARA" or the "No Fault Act"), C.R.S. §§ 10-4-701 to 10-4-726 (2002)[1]. Plaintiff alleges that Insurer failed to offer her enhanced or additional Personal Injury Protection ("PIP")

---

[1] All references are to the 2002 version of the statute unless otherwise noted.

coverage as required by the No Fault Act and asserts several claims based on that alleged failure.

Prior to its repeal, the No Fault Act required auto insurers to offer optional additional PIP benefits to their customers when issuing an auto insurance policy. Specifically, the following provisions required that:

> (2)(a) Every insurer shall offer the following enhanced benefits for inclusion in a complying policy, in addition to the basic coverages described in section 10-4-706 (basic PIP protection), at the option of the named insured:
> (I) Compensation of all expenses of the type described in section 10-4-706(1)(b) [medical treatment] without dollar or time limitation; or
> (II) Compensation of all expenses of the type described in section 10-4-706(1)(b) [medical treatment] without dollar or time limitations and payment of benefits equivalent to eighty-five percent of loss of gross income per week from work the injured person would have performed had such injured person not been injured during the period commencing on the day after the date of the accident without dollar or time limitations.
> (b) A complying policy may provide that all benefits set forth in section 10-4-706(1)(b) to (1)(e) and in this section are subject to an aggregate limit of two hundred thousand dollars payable on account of injury to or death of any one person as a result of any one accident arising out of the use or operation of a motor vehicle.

C.R.S. § 10-4-710.

Under Colorado law, the remedy for an insurance company's failure properly to offer enhanced PIP benefits is for the court to reform the subject policy such that "additional coverage in conformity with the offer mandated by statute will be incorporated into the policy . . . ." *Brennan v. Farmers Alliance Mutual Insurance Co.*, 961 P.2d 550, 554 (Colo. App. 1998). Insurer admits that its extended PIP endorsement did not offer an optional PIP coverage fully complying with the second statutory option until approximately January 2001.

Insurer began voluntarily reforming eligible policies, including closed policies, and notifying covered insureds of the possibility of reformation.

There is little or no dispute about the underlying facts concerning this case. Plaintiff purchased basic PIP coverage with Insurer on or around May 21, 1999. She was in an accident on July 16, 1999. She retained attorney Gregory Chernushin, who also appears in this case, to represent her in connection with the accident and injuries sustained no later than July 27, 1999. She was paid basic PIP benefits by Insurer. By letter dated May 17, 2000, to Mr. Chernushin, Insurer notified Plaintiff that it would pay Plaintiff wage loss for 52 weeks as provided in Plaintiff's policy – i.e., basic PIP coverage only – and notified her of her final wage loss payment.

By letter dated January 20, 2005, Insurer notified Plaintiff that it had failed to offer Plaintiff the statutorily required extended PIP coverage and advised her that it would extend Plaintiff's basic coverage to "deluxe" coverage in compliance with the No Fault Act. Plaintiff filed her complaint in this lawsuit on January 19, 2007. In her Amended Complaint, she asserts a claim for declaratory relief, a claim under the No Fault Act, and a claim of breach of the duty of good faith and fair dealing in an insurance contract.

## Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence

for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Id*.

## Discussion

The parties appear to agree that the relevant statute of limitations for claims arising out of the duty to offer extended PIP benefits pursuant to the No Fault Act is three years. *Nelson v. State Farm Mutual Automobile Ins. Co.*, 419 F.3d 1117, 1120 (10th Cir. 2005). Applying Colorado state law, the Tenth Circuit has held that "whether the action was one for reformation, breach of contract, or violation of state law, the accrual date [for such claims] is when [the plaintiff] knew or should have known that [the insurer] had not offered him extended PIP benefits." *Id*. at 1121. In *Nelson*, the trial court determined and the Tenth Circuit agreed that this date was the last date the plaintiff was paid loss-of-wage benefits under the basic PIP policy. *Id*.

Insurer argues that, like the plaintiff in *Nelson*, Plaintiff here knew or should have known that she was not offered extended PIP benefits no later than May 17, 2000, when her attorney received a letter from Insurer stating the following: "Enclosed also find out draft in the amount of $1,828.00. This is the remaining balance due on Ms. Moreno's wage loss claim. . . . [I]t has been indicated that Ms. Moreno will more likely be unable to work for the full 52 week period that the wage loss benefit is available under her policy." Ex. F to Motion for S.J. (doc no 39-7). I agree. This letter was fully sufficient to inform Plaintiff that Insurer had not offered her extended PIP benefits pursuant to the statute. Moreover, she was

4

represented by counsel and the *Brennan* decision, which clarified the right of claimants to reform their policies, had already been issued. As I have previously noted in a similar case, Plaintiff's ignorance of the law is insufficient to delay the accrual of the statute of limitations. *Nehls v. Farmers Alliance Mutual Ins. Co.,* 2006 WL 2844406 (Case No. 05-cv-02168-WDM-BNB, Sept. 29, 2006), *aff'd* 238 Fed. Appx. 381 (10th Cir. July 10, 2007). Because Plaintiff's lawsuit was filed long after the expiration of the statute of limitations, it is barred.

Plaintiff argues in response that her cause of action accrued on January 20, 2005, when Insurer actually notified her of its previous omission and offered to remedy it. She offers no real rebuttal to the case law cited by Insurer, arguing only "If the insurance company did not know if facts and circumstances of Plaintiff's policy gave rise to reformation, Plaintiff should not be expected to know if her policy was subject to reformation until the January 20, 2005, letter." Response (doc no 43) at 2. This is not the test set forth by *Nelson* and other authorities. Plaintiff had the facts she needed to inform her that she had received only basic PIP benefits, not enhanced benefits, by May 2000; the case law and statutory obligations were already set forth at that time, and she was represented by counsel on the matter of her accident and benefits. Under these circumstances, the application of the rule articulated in *Nelson* is appropriate. *See also Murry v. GuideOne Specialty Mutual Ins. Co.*, 194 P.3d 489, 494 (Colo. App. 2008) (plaintiff "knew the facts essential to her claim and should have been motivated to inquire further in 1996 when the basic PIP benefits terminated . . . The point at which she stopped receiving benefits was also the point at which her damages occurred. Shortly after that, while she was represented by counsel and well within the three-year statute of limitations, divisions

of this court decided both *Thompson* and *Brennan*, which provided her counsel with sufficient information to initiate an investigation into the actions of the insurer.").

Plaintiff also appears to argue that because Insurer voluntarily provided enhanced benefits after January 2005, thereby continuing her benefits, she did not "stop" receiving PIP benefits until 2006. Again, the relevant inquiry is when Plaintiff knew or should have known of Insurer's failure to offer her enhanced PIP benefits. That Defendant voluntarily undertook to reform the policy does not alter the conclusion I must draw from the undisputed facts, which is that Plaintiff knew or had reason to know of her claim in May 2000 when she was informed of the termination of her basic PIP benefits.[2]

Accordingly, it is ordered:

1. Defendant's Motion for Summary Judgment (doc no 39) is granted. Summary judgment shall enter in favor of Defendant and against Plaintiff.

2. Defendant may have its costs.

DATED at Denver, Colorado, on January 15, 2009.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge

---

[2] Plaintiff also points to a letter from 2004 from Insurer discussing a settlement on final medical payments for Plaintiff. Since the noncomplying part of Insurer's policy concerned wage loss benefits, not medical benefits, this does not alter my analysis.